Zimmerman, J.,
dissenting. This case is being decided upon the demurrer to the petition. It is my view that the petition sets out facts which disclose a mutual mistake on the part of the *532 plaintiff who signed the release and of the defendant to whom it was given as to physical injuries which plaintiff may have sustained in the collision. According to the averments of the petition, personal injuries to the plaintiff were not within the contemplation of the parties when the release was executed, and the small consideration as stated in the release was to compensate plaintiff only for the. damage to his motorcycle. To my mind the petition contains allegations sufficient to entitle plaintiff to a trial to afford him the opportunity of proving his claim if he can.
The principle of law is well established that, where a release is given with reference to known injuries and it subsequently develops that a substantial injury then existed of which both parties were unaware and which was not taken into account, the release may be avoided on the ground of mutual mistake. The time when the release was executed and the amount of the consideration may, in connection with other circumstances, have a significant bearing on the question of whether the release should be avoided. 45 American Jurisprudence, 686, Section 20.
Therefore, the judgment of the Court of Appeals should be affirmed, and the cause sent back to the trial court for further proceedings.
Matthias, J., concurs in the foregoing dissenting opinion.